IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

-----------------------------------------------  :

CHRISTINE HAVERICAK,                             : CASE NO.  1: 011 CV 01461
                                                 :
                                  Plaintiffs,    :
                                                 :
                                                 : MEMORANDUM OF OPINION AND
                         -vs-                     : ORDER REMANDING THE MATTER
                                                 : TO STATE COURT
                                                 :
KENNETH CROSS,                                   :
                                                 :
                                  Defendant.     :
-----------------------------------------------  :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

This home repair dispute was removed from the Cuyahoga County Court of

Common Pleas by Defendant Kenneth Cross ("Cross"), pursuant to 28 U.S.C. 1441.

(Doc. 1, Notice of Removal).  Mr. Cross maintains this Court has jurisdiction under the

Magnuson-Moss Warranty Act, 15 U.S.C. 2301 ("the Act").  (Doc. 1, Notice of Removal,

Complaint Count Six, ¶¶ 41-44).  Plaintiff Christine Havericak ("Havericak") moves to

remand the case to the Cuyahoga County Court of Common Pleas.  (Doc. 6).  The

Defendant has not responded.

Ms Havericak contends the Court lacks the requisite jurisdiction because the Act establishes a threshold amount in controversy of $50,000.00, an amount which her Complaint does not reach in its prayer for relief. 28 U.S.C. § 2301(d)(1). (Doc. 6, p. 6). The economic loss recoverable under the Act as stated in Ms. Havericak's claim amounts to $39,000.00. Id.

It is well established that this Court must determine its subject matter jurisdiction "by examining the complaint as it existed at the time of removal." Eastman v. Marine Mechanical Corp., 438 F.3d 544, 551 (6th Cir. 2006). A defendant may remove any civil action brought in state court "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing federal question jurisdiction. Ahearn v. Charter Twp., 100 F.3d 451, 453-54 (6th Cir. 1996). "Furthermore, because they implicate federalism concerns, removal statutes are to be narrowly construed." Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 757 (6th Cir. 2000); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941). If a federal court is in doubt as to its jurisdiction, it must resolve such doubt in favor of state court jurisdiction. See e.g., Cheshire v. Coca-Cola Bottling Affiliated, Inc., 758 F.Supp. 1098, 1102 (D.S.C. 1990).

Upon review of the matter, this Court lacks the requisite jurisdiction to hear this dispute under the Act, as the threshold amount in controversy stipulated by the Act is not reached in Ms. Havericak's Complaint.

The Court remands this matter to the Cuyahoga County Court of Common Pleas. The Clerk shall mail a certified copy of this order to the Clerk of the Cuyahoga County Court of Common Pleas, in accordance with 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE

Date: 9/15/2011

3